WILLIAM I. CONNELLY AND BERTHA CONNELLY, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 10372. Promulgated April 21, 1947.

*William E. Koken, Esq.*, for the petitioners.
*E. M. Woolf, Esq.*, for the respondent.

850

## OPINION.

Leech, *Judge* : The primary issue is whether the respondent correctly determined that petitioner is not entitled to the exclusion of $1,500 in each of the taxable years under the provisions of section 22 (b) (13) (A) of the Internal Revenue Code, as amended by section 141 (a) of the Revenue Act of 1945. By section (b) of that act subsection (A) is made applicable to taxable years beginning after December 31, 1942, and (B) is made applicable to the years beginning after December 31, 1940.[1]

The argument of the petitioner is almost entirely devoted to attempting to prove that he was "in the military or naval forces of the United

SEC. 141. ADDITIONAL ALLOWANCE FOR MILITARY AND NAVAL PERSONNEL.

(a) IN GENERAL.—Section 22 (b) (13) (relating to the exclusion from gross income for military and naval personnel) is amended to read as follows :

"(13) ADDITIONAL ALLOWANCE FOR MILITARY AND NAVAL PERSONNEL.—

"(A) In the case of compensation received during any taxable year and before the termination of the present war as proclaimed by the President, for active, service as a commissioned officer (or a commissioned warrant officer) in the military or naval forces of the United States during such war, or, in the case of a citizen or resident of the United States, as a member of the military or naval forces of any of the other United Nations during such war, so much of such compensation as does not exceed $1,500.

"(B) Compensation received during any taxable year and before the termination of the present war as proclaimed by the President, for active service as a member below the grade of commissioned officer (or commissioned warrant officer) in the military or naval forces of the United States during such war."

States during such war." We think the issue is much narrower. Un-- less the petitioner was a "commissioned officer (or commissioned warrant officer)" in such forces, he is clearly not entitled to the benefits of such section. Congress has limited the $1,500 exclusion to persons rendering active service in the military and naval forces who meet the well defined specified classes. Statutes granting tax exemptions must be strictly construed in favor of the Government. *Bank of Commerce* v. *State of Tennessee*, 161 U. S. 134. Petitioner's own testimony rather conclusively establishes that he was not a commissioned officer in the Coast Guard Reserve. On cross-examination he testified as follows:

Q. I believe you stated that you applied for a commission in the United States Coast Guard Reserve.

A. That is right.

Q. Prior to being enrolled?

A. That is right.

Q. And you were not commissioned in the United States Coast Guard Reserve?

A. I never received a commission from the Coast Guard as a commission is commonly classified. I did receive this so-called certificate of enrollment which I was led to believe was the substitute for the commission.

Petitioner was enrolled as a temporary member of the Coast Guard Reserve without military pay. Provision for such enrollment was authorized by Act of Congress. See ch. 9, Title 14, sec. 307, United States Code Annotated.[2] The House Report recommending the bill (56 Stat. 1020) clearly shows that its purpose was to permit enrollment of Government employees without military pay, and to give them temporary rank or ratings and necessary military authority and responsibility.[3]

---

[2] The Commandant * * * is hereby authorized to enroll as temporary members of the Reserve, for duty under such conditions as he may prescribe * * * such persons (including Government employees without pay other than the compensation of their civilian positions) who by reason of their special training and experience are deemed by the Commandant to be qualified for such duty, * * * to define their powers and duties, and to confer upon them, appropriate to their qualifications and experience, the same ranks, grades and ratings as are provided for the personnel of the regular Coast Guard Reserve.

[3] H. R. No. 2525, 77th Cong., 2d sess. (1942), in part, states:

"The act of June 6, 1942 (Public Law 599, 77th Cong.), amended section 207 of the Coast Guard Auxiliary and Reserve Act of 1941 so as to authorize the enrollment of especially qualified men as temporary members of the Coast Guard Reserve for full-time, intermittent, or part-time duty without pay. Under this authority men in all walks of life have been enrolled in the Coast Guard Reserve and perform special duty with military authority and responsibility in addition to carrying on their regular vocations. * * *

* * * * * * *

"Under the authority now contained in the Coast Guard Auxiliary and Reserve Act as outlined above, it is believed that Government employees may be enrolled as temporary members of the Coast Guard Reserve without pay on the same basis as persons of other civilian status, but your committee deems it advisable to clarify this authority and resolve any doubt of its applicability to Government employees by specifically providing for temporary membership in the Coast Guard Reserve of Government employees without military pay but with continuance in their civilian positions and the receipt of the compensation thereof. It should be pointed out that the conferring of temporary ranks or ratings upon such persons will not exempt them from liability for training and service under the Selective Training and Service Act of 1940, as amended. It will, however, give to such employees

Civil service employees enrolled as temporary members of the Coast Guard Reserve were still governed by civil service regulations for annual and sick leave; deductions from pay under the Civil Service Retirement Act were continued; and they received overtime pay for work in excess of 40 hours per week. The fact that petitioner was permitted to enjoy certain privileges accorded to personnel having a military status is of no controlling significance. Unless he was a commissioned officer, we think he was not entitled to the tax exemption benefit provided for in section 22 (b) (13) (A) and (B) of the code, as amended. Commissioned officers of the Coast Guard are appointed by the President.[4] The evidence is clear that petitioner received no such appointment. Congress, having provided for the temporary enrollment of Government employees in the Coast Guard Reserve who were to be given a rank or rating comparable to their civil service classification, was well aware that such provision was in effect when it enacted the above quoted tax exemption section. That it limited the benefits of the $1,500 exclusion specifically to a "commissioned officer (or commissioned warrant officer)" clearly indicates to us that Government employees, holding a temporary rank of commissioned officer, were not to receive the benefit of such tax exclusion.

The petitioner argues that if he is not entitled to the $1,500 exclusion as a commissioned officer, his entire civil service compensation of approximately $5,800 is excludable under subdivision (B) "as a member below the grade of commissioned officer." The absurdity of this contention is at once apparent. This subdivision makes no mention of any specific amount which those persons below the rank of commissioned officer are entitled to exclude. No amount was specified because it is a matter of common knowledge that the compensation of members of the military and naval forces of the United States below the rank of the commissioned officers mentioned in the statute is less than $1,500 annually. We think the language of subdivision (B) lends support to our conclusion that Congress advisedly used the terms "commissioned officer (or commissioned warrant officer)" in the sense those terms are used throughout the statutes pertaining to our military and naval forces. We, therefore, conclude that the respondent

---

necessary military authority and responsibility during their temporary membership in the Coast Guard Reserve.

\*     \*     \*     \*     \*     \*     \*

"This amendment is proposed and recommended by your committee since it would solve this administrative problem by resolving any possible doubt of the authority of the Coast Guard to enroll certain Government employees as temporary members of the Reserve for active Coast Guard duty without the pay of their military rank or rating, and would obviate any possible impairment of the right of such employees to continue to receive the compensation of their civilian positions for the entire period of their performance of active Coast Guard duty as such temporary members. There will be little, if any, change in the nature of their duties after enrollment."

[4] Sec. 6, Title 14, United States Code Annotated.

properly disallowed the claimed exclusion of $1,500 in the respective taxable years 1943 and 1944.

Petitioner's claimed deduction in the taxable year 1944 of the amount of $2,171.10, which would represent the total amount he would have received for subsistence and rental if he had been compensated under the Pay Readjustment Act, also appears to us to be without merit. Petitioner, in fact, received nothing for subsistence or allowance for quarters. The certificate of enrollment of April 24, 1944, which petitioner received, provides, in part, as follows:

5. You will serve without pay and allowances (other than compensation of their civilian positions in the case of Government employees), except (1) such travel and subsistence allowances as may be specifically authorized and (2) uniform allowances of: None.

A commissioned officer in the Coast Guard Reserve is entitled, in addition to his base pay, to certain allowances for subsistence and quarters.[5] Since petitioner was not a "commissioned" officer and in fact received no allowance for subsistence and quarters, he is not entitled to deduct an amount equivalent to such allowances for tax purposes. The respondent's denial of such contested allowances is sustained.

Under the stipulation, the deduction of the amount of $75 claimed as medical expenses was properly disallowed.

Reviewed by the Court.

*Decision will be entered for the respondent.*

